Filed 12/24/13  P. v. Jones CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

| | |
|---|---|
| THE PEOPLE, | C073838 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF12191) |
| v. | |
| KENNETH JAMES JONES, | |
| Defendant and Appellant. | |

After defendant Kenneth James Jones grabbed a stranger in the parking lot of her apartment complex, held her by the wrists, sucked her neck, and fondled her breasts over her shirt, he entered a negotiated plea of no contest to one count of false imprisonment (Pen. Code, §§ 236, 237)[1] and one count of misdemeanor sexual battery (§ 243.4, subd. (e)(1)).  He also admitted having suffered a prior strike conviction.

Eventually sentenced for the false imprisonment to the upper term of three years (§§ 236, 237, 1170, subd. (h)), doubled by virtue of the prior strike conviction, defendant

---

[1]    Undesignated statutory references are to the Penal Code.

1

was also sentenced on the misdemeanor sexual battery conviction to one year in county jail, to be served concurrent with his sentence for false imprisonment.

On appeal, defendant contends the trial court erred in imposing a one-year sentence for sexual battery, because the maximum term for misdemeanor sexual battery is six months. (§ 243.4, subd. (e)(1) [absent exceptions not applicable here, "[a]ny person who touches an intimate part of another person, if the touching is against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of misdemeanor sexual battery, punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in a county jail not exceeding six months"].) The People concede the court's error in imposing an unauthorized sentence. We agree, and shall order the judgment corrected to reflect the authorized sentence.

## DISPOSITION

The judgment is amended to reduce the sentence imposed on defendant's sexual battery conviction from one year to six months; in all other respects, the judgment is affirmed. The superior court shall amend the abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


                                     BLEASE              , J.


We concur:


        RAYE                , P. J.


        MURRAY            , J.

2